Haywood *v.* Currie.

R. W. HAYWOOD & WIFE *et al. v.* W. T. CURRIE, Adm'r, and C. F. READ.

CHANCERY PRACTICE. *Administration. Administrator in collusion with debtor.* If the administrator collude with a debtor of the estate, not to collect a debt from or to recover assets from him, a creditor or distributee of the estate may file a bill to compel a settlement, making the administrator and such debtor defendants.

FROM HAYWOOD.

Appeal from the Chancery Court. H. J. LIVINGSTON, Chancellor.

R. W. HAYWOOD for plaintiffs.

A. D. BRIGHT and LEA & BAYNES for defendants.

DEADERICK, C. J., delivered the opinion of the court.

The bill in this case was filed on the 9th February, 1876, in the chancery court at Brownsville. Complainants and defendant Read are the distributees of Mrs. Elizabeth T. Read, deceased, and defendant Currie is her administrator. Mrs. Read died in May, 1875, and Currie was appointed and qualified as her administrator in July thereafter. The bill charges that defendant Read is largely indebted to the estate of Mrs. Read; that complainants had applied to the administrator to bring suit to compel defendant Read to account for his dealings with and indebtedness to the estate, but the said administrator "fails and refuses

to cause said C. F. Read to make any settlement of his indebtedness aforesaid, and in fact is colluding with said defendant, so as to enable him to evade the payment of his indebtedness to said estate, and refuses to join in this bill as complainant." The bill proceeds to specify the amounts and items for which said defendant Read should be held to account, and prays for a decree for such sum as may be found due and for general relief. To the bill each of the defendants puts in a plea, denying that said administrator fails or refuses to cause said C. F. Read to make any settlement of his indebtedness to the estate, and also denying the collusion charged. The complainants thereupon set said pleas down for argument, and for judgment of the court upon their sufficiency. And the chancellor adjudging the pleas good in form and substance, the complainants took issue upon them. Upon the hearing of the issues made up upon the truth of the pleas, the chancellor determined against their truth, and allowed defendants to answer further. But by consent of complainants and by leave of the court, the defendants were allowed to appeal to this court, and the cause is here for our determination, as to the correctness of the chancellor's decree.

The ground of objection to sustaining the bill in this case is, that a creditor or distributee cannot maintain a bill against a debtor to the estate, or one having the funds or assets of the estate in his hands; but such debtor or wrongful possessor of such funds or assets, is liable only to the administrator, and he alone has the right to bring suit for their recovery.

Ordinarily, this is true; but to this general rule there are exceptions, as where there is collusion between the creditor and the administrator; or where the latter is insolvent; and also in cases of partnership, if the survivors are insolvent, a creditor may maintain a bill against the personal representatives of a deceased partner, and join the survivors as parties; so, also, third persons, who possessed themselves of the estate of the deceased, or are his debtors, whether there be collusion or not between them and the administrator, may, under special circumstances, be made defendants with the administrator or executor, at the suit of a creditor's legatee or distributee; and if the executor or administrator refuse to collect an outstanding debt, or fund belonging to the estate, such a case falls within the principle of the rule. Story Eq. Pl., secs. 227, 178 and notes, citing the cases.

But it is said the evidence does not sustain the finding of the chancellor, upon the issue of fact made upon the plea. It is true that there is no evidence of any agreement or understanding between the defendants, that the administrator would not seek any recovery against his co-defendant; but there is evidence that at the request of part of complainants, he refused to institute any suit against defendant Read, or to join with them in doing so, or to allow them to use his name for such purpose, although they offered to provide security for the prosecution of the suit. Whether the defendant Read is indebted to the estate, or whether he has any of the assets belonging thereto, cannot now be determined; but the bill makes a

*prima facie* case of liability, and the liability of complainants for cost, if they fail to sustain the claim set up, is a sufficient guarantee that the suit is prosecuted in good faith. We cannot say that seven months after the grant of administration was not long enough to enable the administrator to determine whether he ought to bring suit against his co-defendant; nor, after the lapse of that length of time and his refusal to sue, that the distributees were bound to wait on him for any definite time thereafter, to commence suit.

Upon the whole case, we think the chancellor's decree was correct and affirm it, and remand the cause for further proceedings.